UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| KEVIN DEWAYNE DANIEL, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) No. 1:17-CV-168 NCC |
| NICK DARTER, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff, Kevin Dewayne Daniel, (registration no. 016968), an inmate at Dunklin County Jail, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.00.[1] *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court will stay and administratively close this action pursuant to the Supreme Court case of *Wallace v. Kato*, 549 U.S. 384 (2007), based on the pendency of an underlying criminal case against plaintiff that arises out of the same facts.

---

[1] Plaintiff's inmate account only shows the past two months of his account transactions, rather than the six months required by statute. As a result, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his six-month prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances.").

1

## Background

Plaintiff, a pretrial detainee in Dunklin County Jail, brings this action pursuant to 42 U.S.C. § 1983 asserting violations of his Fourth and 14th Amendment rights. Plaintiff has named two individuals as defendants in this action: Nick Darter, a Sergeant with the Malden Missouri Police Department and Jeff McCormick, the Prosecuting Attorney in his state criminal action.

Prior to this case being filed, a related underlying criminal case was filed against plaintiff in Missouri State Court. *See State v. Daniel*, Case No.17DU-CR00948-01 (35th Judicial Circuit, Dunklin County Court). On July 9, 2017, defendant Nick Darter filed a probable cause statement in Dunklin County Court. He stated that on the prior day, he conducted a traffic stop on plaintiff's Buick for driving "left of center."

Defendant Darter alleged in his statement that when he conducted a stop on plaintiff and asked for his license, plaintiff told him he did not have a license and when plaintiff stepped out of the vehicle at defendant's request, plaintiff admitted to having a small bag of marijuana. Defendant Darter indicated that plaintiff had a small plastic bag in his wallet with "crystal-like residue" that tested positive for methamphetamine. Defendant Darter claimed that plaintiff had three $100.00 counterfeit bills. After plaintiff was taken into custody and transferred to the Malden County Jail booking process, plaintiff allegedly "closed his legs together real fast" and defendant Darter purportedly heard something that sounded like glass fall from plaintiff's pants. Defendant Darter alleged in his probable cause statement that a glass pipe fell from plaintiff's pants to the ground, whereupon plaintiff stepped on the pipe and attempted to destroy evidence.

Plaintiff has been charged with felony possession of a controlled substance and tampering with physical evidence in a felony prosecution. *See State v. Daniel*, Case No.17DU-CR00948-01 (35th Judicial Circuit, Dunklin County Court).

Plaintiff's alleges in his complaint that on July 8, 2017, he was leaving a friend's house when he noticed a police car tailing him. He claims he turned into the gas station to get gas, and the police turned on their lights and pulled behind him. Plaintiff claims that he does not believe that he had broken any traffic laws when he was pulled over by defendant Darter.

When defendant Darter asked him for his identification, plaintiff states he told Sergeant Darter he only had his ID card on him at the time and asked permission to get it from his wallet. Plaintiff states that rather than give him permission to do so, defendant Darter told plaintiff to get out of the car and put his hands on the top of the vehicle. Plaintiff insists that he did not give defendant Darter permission to search either himself or his car or his wallet; however, defendant Darter took it upon himself to search all three, telling plaintiff he "knew why he was being pulled over." Plaintiff surmised that defendant Darter was referring to his race, which is African American. Plaintiff alleges that defendant Darter planted a clear bag of something containing crystal-like residue in plaintiff's wallet and then arrested plaintiff for purportedly carrying drugs.

Plaintiff states he was taken to the Malden Police Department for booking, where defendant Darter conducted a pat search. After the search, plaintiff states that he noticed a glass vial on the floor next to him. He claims he accidentally stepped on the vial. Plaintiff alleges that after he stepped on the glass, defendant Darter pushed him to the side, looked down and took pictures of the broken vial and told plaintiff he was charging him with contraband at a jail facility.

Plaintiff asserts violations of his rights, pursuant to the 4th Amendment of the Constitution.[2] Plaintiff also asserts violations of his Equal Protection rights in violation of the 14th Amendment. Plaintiff additionally asserts violations of his substantive due process rights in violation of the 14th Amendment. Further, plaintiff asserts violations of Missouri state law, including claims of false arrest, malicious prosecution and intentional infliction of emotional distress.

## The Complaint

In this case, plaintiff asserts claims for false arrest, false imprisonment and malicious prosecution as a result of an alleged false arrest that occurred on July 8, 2017. He brings this action against the police officer and the prosecutor pursuing the state criminal case against him.

In *Wallace v. Kato,* the United States Supreme Court held that "the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant is detained pursuant to legal process." *Wallace*, 549 U.S. at 397. The Court observed that "[f]alse arrest and false imprisonment overlap; the former is a species of the latter." *Id.* at 388. The Court instructed that where "a plaintiff files a false arrest claim before he has been convicted . . . it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Id.* at 393-94. Otherwise, the court and the parties are left to "speculate about whether a prosecution will be brought, whether it will result in conviction, and whether the impending civil action will impugn

---

[2]The vast majority of plaintiff's claims in this lawsuit arise under the 4th Amendment and include: lack of probable cause; manufacturing evidence; malicious prosecution; false arrest; false imprisonment; warrantless search; warrantless seizure.

4

that verdict, all this at a time when it can hardly be known what evidence the prosecution has in its possession." *Id.* at 393 (internal citation omitted).

In this case, plaintiff asserts claims for illegal seizure, false arrest and false imprisonment. The principles of *Wallace v. Kato* dictate that further consideration of plaintiff's § 1983 claims should be stayed until the underlying criminal matter currently pending against plaintiff has been resolved through criminal appeals, as well as through post-conviction processes.

Additionally, a stay or abstention until resolution of the criminal matter would be appropriate because a prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment or sentence unless the conviction or sentence is reversed, expunged or called into question by issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (applying rule in § 1983 suit seeking declaratory relief).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.[3]

---

[3]After payment of the initial partial filing fee, the prisoner is required to make monthly payments

**IT IS FURTHER ORDERED** that all proceedings in this case are **STAYED** pending final disposition of the appellate proceedings and post-conviction proceedings against plaintiff relating to his criminal case of *See State v. Daniel*, Case No. Case No.17DU-CR00948-01 (35th Judicial Circuit, Dunklin County Court)..

**IT IS FURTHER ORDERED** that plaintiff shall notify the Court in writing concerning the final disposition of the criminal charges pending against him in *See State v. Daniel*, Case No.17DU-CR00948-01 (35th Judicial Circuit, Dunklin County Court).

**IT IS FURTHER ORDERED** that this case is **ADMINISTRATIVELY CLOSED** pending final disposition of the appellate proceedings and post-conviction proceedings related to the criminal charges pending against plaintiff in *See State v. Daniel*, Case No. Case No.17DU-CR00948-01 (35th Judicial Circuit, Dunklin County Court). This case may be reopened by plaintiff's filing of a motion to reopen the case after such final disposition.

Dated this 27th day of September, 2017.

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE

---

of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner will deduct the payments and forward them to the Court each time the amount in the account exceeds $10.  28 U.S.C. § 1915(b)(2).