# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | |
|---|---|
| KEVIN DEWAYNE DANIEL, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:17-CV-168-NCC |
| NICK DARTER, et al., | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This administratively-closed matter is before the Court on pro se plaintiff's motion to reopen the case. The Court will grant plaintiff's motion to reopen the case. Upon initial review of plaintiff's complaint under 28 U.S.C. § 1915, however, the Court will dismiss the complaint for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B).

## **Background**

On September 25, 2017, plaintiff filed this case asserting violations of his Fourth and Fourteenth Amendment rights arising out of an alleged false arrest and false imprisonment that occurred on July 8, 2017. Plaintiff named two individuals as defendants: Nick Darter, a Sergeant with the Malden Missouri Police Department and Jeff McCormick, the prosecuting attorney in plaintiff's state criminal action.

On September 27, 2017, the Court stayed all proceedings in this case pending final disposition of all proceedings against plaintiff related to his state criminal case, *State v. Daniel*, Case No. 17DU-CR00948-01 (35th Judicial Circuit, Dunklin County Court). *See* ECF No. 5 (citing *Wallace v. Kato*, 549 U.S. 384 (2007)). The Court administratively closed the case and

ordered plaintiff to "notify the Court in writing concerning the final disposition of the criminal charges pending against him in *State v. Daniel*." *Id.*

On February 21, 2019, plaintiff filed his motion to reopen the case. In his motion, he did not notify the Court regarding the final disposition of his criminal case, but rather simply requested that this case be reopened. Upon review of plaintiff's underlying criminal case on Missouri Case.net, the Court discovered that plaintiff pled guilty to Count I of his state criminal information, the class D felony of possession of a controlled substance. *See State v. Daniel*, 17NM-CR01010 (34th Judicial Circuit, New Madrid County Court) (filed Jan. 9, 2018).[1]

## Discussion

A guilty plea forecloses a § 1983 claim for arrest without probable cause. *See Williams v. Schario*, 93 F.3d 527, 528-29 (8th Cir. 1996) (per curiam), *Malady v. Crunk*, 902 F.2d 10 (8th Cir. 1990); *see also Carmi v. City of St. Ann, Mo.*, 22 Fed. App'x 674, 674-75 (8th Cir. 2001) (per curiam) (plaintiff's *Alford* plea extinguished his false arrest and illegal search claims). Because plaintiff pled guilty to the Missouri state felony charge of possession of a controlled substance, this § 1983 action for false arrest and false imprisonment arising out of his arrest for the state felony charge fails to state a claim on which relief may be granted. *See id.* For this reason, the Court will dismiss without prejudice plaintiff's claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

Additionally, prosecutors are absolutely immune from civil rights actions. *See Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976) (holding that prosecutors are absolutely immune from civil rights claims based on actions taken while initiating and pursuing a criminal prosecution);

---

[1] On September 27, 2017, plaintiff was granted a change of venue in his criminal case from Dunklin County, Missouri to New Madrid County, Missouri. *See State v. Daniel*, 17DU-CR00948-01 (35th Judicial Circuit, Dunklin County Court) (filed Sept. 27, 2017).

-2-

*see also Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996) ("Absolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process."). Because defendant Jeff McCormick, prosecuting attorney, is absolutely immune from this civil rights action, plaintiff's complaint as to defendant McCormick will be dismissed for this additional reason.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to reopen his case is **GRANTED**. [ECF No. 7]

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 2nd day of May, 2019.

*Ronnie L. White*

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE